**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KIMERLY G. HENRY et al.,**

                    **Plaintiffs,**             **3:12-cv-883
                                                                   (GLS/DEP)**

              v.

**UNITED STATES DEPARTMENT
OF AGRICULTURE RURAL
DEVELOPMENT NEW YORK
STATE,**

                    **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:**<br>Cotter & Cotter, P.C.<br>5109 Main Street<br>Williamsville, NY 14221 | DAVID B. COTTER, ESQ. |
| **FOR THE DEFENDANTS:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | WILLIAM F. LARKIN<br>Assistant U.S. Attorney |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Kimerly G. Henry and H.O. Properties Group, Inc.

commenced this Federal Tort Claims Act[1] (FTCA) action against the United States Department of Agriculture Rural Development New York State (hereinafter "the Department"), alleging eight claims. (Compl. ¶¶ 35-50, Dkt. No. 1.) Pending is the Department's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 9.) For the reasons that follow, the motion is granted and the complaint is dismissed.

## II. Background

**A. Facts**[2]

In September 2003, H.O. purchased approximately thirty-three housing projects all participating in the Department's Rural Development Program. (Compl. ¶¶ 13.) Approximately two years later, Mark Ogiony, the former minority shareholder in H.O., was terminated from employment with it. (*Id.* ¶¶ 8, 15.) Ogiony commenced suit against plaintiffs in New York State Supreme Court in March 2007, which ultimately concluded in a

---

[1] *See* 28 U.S.C. §§ 1346(b), 2671-2680.

[2] The facts are drawn from the complaint and presented in the light most favorable to plaintiffs. Moreover, although plaintiffs failed to attach it to their complaint as they intended, (Compl. at 3 n.2), the court has also considered Standard Form 95, which serves as evidence of plaintiffs' presentation of its tort claims to the Department in this case, (Dkt. No. 9, Attach. 4 at 10-28).

2

January 22, 2008 stipulation requiring Ogiony to sell his shares to Henry. (*Id.* ¶¶ 14, 22.) Apparently as a result of the Ogiony lawsuit and his termination from employment with H.O., the Department was notified more than once by plaintiffs not to provide any copies of correspondence to Ogiony. (*Id.* ¶¶ 16, 20.)

In late 2007, the Department made certain demands of H.O., including that H.O. terminate its maintenance supervisors, "which created a major interruption to [its] operation." (*Id.* ¶¶ 18-19, 21.) On May 27, 2008, a Department employee, Bonnie Biel, made negligent misrepresentations about H.O.'s management of its properties and suggested that it acted fraudulently in a letter that was copied to Ogiony. (*Id.* ¶ 23.) Biel sent an email in late May 2008 "to area specialists to produce three back to back servicing letters with deadlines," which contained negligent misrepresentations that "had a drastic effect on the negotiations between the shareholders and had a devastating impact on the lawsuit [involving Ogiony]." (*Id.* ¶¶ 24-25.) On June 19, 2008, Biel sent yet another correspondence with disastrous and damaging effect to plaintiffs; this particular letter, which was also copied to Ogiony, terminated the management on all of H.O.'s projects. (*Id.* ¶¶ 27-29.) Biel's June 19, 2008

3

letter harmed H.O.'s business relations and assets, created a great diminution in value, caused H.O. to lose income, forced a sale of H.O.'s assets at less than market value, and caused H.O. to incur additional legal fees in the Ogiony lawsuit.  (*Id.* ¶¶ 30-33.)

**B.     Procedural History**

This action was commenced on May 31, 2012.  (*See generally* Compl.)  In their complaint, plaintiffs allege claims of: (1) tortious interference with business relations; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) negligent denial of due process of law; (5) prima facie tort; (6) trespass to chattel; (7) intentional tort; and (8) injury to reputation.  (Compl. ¶¶ 35-50.)  Plaintiffs seek compensatory damages in the amount of $4,962,952.93.  (Compl. at 8-9.)  Following joinder of issue, (Dkt. No. 5), the Department moved to dismiss the complaint in its entirety in the motion that is now pending, (Dkt. No. 9).

### III.  Standard of Review

The standards of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated.  For a full

4

discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Associates, P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

## IV. **Discussion**

In support of dismissal for lack of subject matter jurisdiction, the Department argues, among other things,[3] that plaintiffs failed to timely notify it of their claims pursuant to 28 U.S.C. § 2401(b). (Dkt. No. 9, Attach. 2 at 10.) Plaintiffs fail to offer any response whatsoever to this particular assertion. They do, however, contend, among other things,[4] that

---

[3] Indeed, the Department makes several cogent arguments that subject matter jurisdiction is lacking, and, alternatively that plaintiffs have failed to state a claim. (Dkt. No. 9, Attach. 2 at 6-19.)

[4] The court notes that plaintiffs' submission is not in compliance with the Local Rules of Practice. For instance, their papers are not paginated, and the attorney affidavit is riddled with legal argument and conclusions. (Dkt. Nos. 11, 12); *see* N.D.N.Y. L.R. 7.1(a)(2), 10.1(a). In any event, in addition to their assertion that the Department's motion is not timely, plaintiffs' memorandum of law in response to the Department's motion also discusses Fed. R. Civ. P. 15—apparently to suggest that leave to amend should be granted. (Dkt. No. 11 at 3.) Notably, in the same argument, plaintiffs "aver that at this stage of the proceeding, discovery . . . is not yet complete, and, [they] do not fully know exactly why [the Department] was motivated to terminate [their] ability to participate in the

5

the Department's motion is untimely, as it moved for dismissal under Rule 12(b) after filing a responsive pleading. (Dkt. No. 11 at 2-3.) As explained below, because plaintiffs' notice of claim was not timely filed, the court is without subject matter jurisdiction, and dismissal is required.

A.     **Timeliness of the Department's Motion to Dismiss**

Before addressing the timeliness of plaintiffs' notice of claim, *see infra* Part IV.B, it is necessary to consider their argument that the Department's motion is untimely, (Dkt. No. 11 at 2). As set forth in Rule 12, any of the seven defenses enumerated in paragraph (b), if asserted by motion, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). As provided elsewhere, however, the defenses of lack of subject matter jurisdiction and failure to state a claim are not waived, as relevant here, by failing to either make a motion or include them in a responsive pleading. *See* Fed. R. Civ. P. 12(h). Failure

---

[Rural Development] Program." (*Id.*) All of this intimates that discovery will somehow permit plaintiffs to remedy the shortcomings identified by the Department. It is noteworthy that plaintiffs do *not* affirmatively request that they be given leave to amend. The only other argument raised by plaintiffs is very specific and goes to the issue of whether they have properly stated a claim for trespass to chattel. (*Id.* at 4-5.) Because dismissal is mandated for lack of subject matter jurisdiction, this contention is of no moment.

to state a claim "may be raised: . . . in any pleading allowed or ordered under Rule 7(a); . . . by a motion under Rule 12(c); or . . . at trial," Fed. R. Civ. P. 12(h)(2); indeed, "the defense of failure to state a claim is not waivable," *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Lack of subject matter jurisdiction can be addressed by the court "at any time" as well. Fed. R. Civ. P. 12(h)(3).

Here, the Department's motion is clearly timely, and the defenses asserted have not been waived. Whether characterized as made under Rules 12(b)(1) and (6), or Rules 12(h)(3) and 12(c), the arguments raised by the Department are properly before the court. *See Patel*, 259 F.3d at 125-26 (explaining that a Rule 12(b)(6) motion filed after the close of the pleadings should be treated as made under Rule 12(c), which shares an identical standard of review); *Pivotal Payments, Inc. v. FVA Ventures, Inc.*, No. CV 11-5713 , 2012 WL 3887360, at *2 n.1 (E.D.N.Y. July 30, 2012) (finding the distinction between a Rule 12(b)(1) motion and Rule 12(h)(3) motion academic).

**B.     Timeliness of Plaintiffs' Notice of Claim**

28 U.S.C. § 2401(b) provides that

> [a] tort claim against the United States shall be

> forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The foregoing language has been interpreted by the Second Circuit "as imposing two separate time restrictions on claims, both of which must be complied with by potential FTCA plaintiffs." *Goldblatt v. Nat'l Credit Union Admin.*, No. 3:11CV334, 2011 WL 4101470, *3 (D. Conn. Sept. 14, 2011) (citing *Willis v. United States*, 719 F.2d 608, 610-13 (2d Cir. 1983)). The notice of claim requirement is jurisdictional. *See Allamby v. United States*, 207 F. App'x 7, 8 (2d Cir. 2006).

Here, it is clear that plaintiffs filed their claim, thereby putting the Department on notice of it, on July 22, 2010. (Dkt. No. 9, Attach. 4 at 10-28.) As alleged in their complaint, plaintiffs' injuries occurred prior to and on June 19, 2008, when Biel finally issued the termination letter. (Compl. ¶¶ 16-34.) Because "[a] claim under the [FTCA] accrues on the date that a plaintiff discovers that he has been injured," *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 177 (2d Cir. 2008); *see United States v. Kubrick*, 444 U.S. 111, 119-25 (1979), plaintiffs' notice of claim, filed more than two

8

years later, was untimely and dismissal for lack of subject matter jurisdiction is mandated, *see Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). Indeed, plaintiffs have failed to offer any evidence or argument to suggest otherwise,[5] which evinces a total failure on their part to meet their burden of demonstrating compliance with § 2401(b). *See Smithsonian Inst.*, 189 F.3d at 189 ("The burden is on the plaintiff to plead and prove compliance with § 2401(b).").

While the court need not reach the Department's remaining arguments, it notes that at least some are meritorious, and they would provide an independent basis for dismissal. Finally, leave to amend, even if formally requested by plaintiffs, is not warranted because amendment would be futile in light of their failure to comply with § 2401(b), and the validity of the Department's unaddressed arguments. *See Estate of George v. Veteran's Admin. Med. Ctr.*, 821 F. Supp. 2d 573, 581

---

[5] For what it's worth, plaintiffs contend—in an effort to combat the Department's argument that, even if the notice of claim was timely it failed to put the Department on notice of all claims alleged in the complaint, (Dkt. No. 9, Attach. 2 at 11-12)—that the court "should be mindful that [plaintiffs'] initial administrative filing was pro se, and, to the extent that that fact later effects what is put in suit, should allow it greater leniency," (Dkt. No. 11 at 2). The legal validity of this contention notwithstanding, plaintiffs make no mention of the timeliness of their notice of claim.

(W.D.N.Y. 2011).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Department's motion to dismiss (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 13, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court